UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TONYA HARRIS, as administratrix of the estate of TORRIS HARRIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 1:02-CV-385 |
| THE CITY OF CHATTANOOGA, *et al.*, | ) ) | Judge Curtis L. Collier |
| Defendants. | ) | |

**MEMORANDUM**

Before the Court is a Motion for Intervention by Family Mortuary, Inc. ("Applicant").[1] For the reasons set forth below, the Court will **DENY** Applicant's motion.

**I.    APPLICABLE LAW**

Under Rule 24 of the Federal Rules of Civil Procedure, there are two types of intervention allowed- intervention of right and permissive intervention. Fed. R. Civ. P. 24(a) & (b). For a party to intervene as a matter of right a nonparty must meet four requirements:

> (1) timeliness of the application to intervene; (2) applicant must have a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

---

[1] Applicant filed a brief motion to intervene without an accompanying memorandum of law. Applicant does not refer to Fed. R. Civ. P. 24 or state if it is trying to intervene as a matter of right or permissively. The Court will assume Applicant has asked to intervene both as a matter of right and permissively but notes Applicant has done very little to meet its burden of showing the Court why intervention should be granted.

Case 1:02-cv-00385   Document 135   Filed 09/13/05   Page 1 of 4   PageID #: 74

*Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000) (citation omitted). "Intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994) (citation omitted). A party that seeks permissive intervention must show the motion was (1) timely, and (2) at least one common question of law or fact. Fed. R. Civ. P. 24(b); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir. 1997). Thus, a party that seeks either type of intervention must demonstrate timeliness of the application to intervene. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). The following factors are to be considered in determining whether a motion to intervene is timely:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* at 473.

## II. RELEVANT FACTS

The case Applicant seeks to intervene in arises from an incident occurring on December 26, 2001, involving Torris Harris and the individual defendants, all of whom were police officers for the City of Chattanooga at the time of the incident. Tonya Harris ("Plaintiff"), Torris' mother, filed a complaint on December 26, 2002 (Court File No. 1), alleging various constitutional violations under 42 U.S.C. § 1983. The complaint alleged the police unlawfully detained Torris and used excessive force in effecting his arrest, resulting in Torris' death. On March 3, 2004 this Court

2

granted the defendants' motions to enforce a settlement agreement and closed the case. On April 2, 2004, Plaintiff filed an appeal in the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") from the decision of this Court to enforce the settlement agreement. The Sixth Circuit affirmed this Court's ruling on June 15, 2005 (Court File No. 130). Subsequently, Plaintiff filed a petition for an en banc hearing. This petition is still pending before the Sixth Circuit. The settlement funds are currently being held by this Court until the Sixth Circuit rules on Plaintiff's petition.

Applicant allegedly contracted with Plaintiff for the burial services of Torris (Court File No. 133, Exh. B). Further, Applicant alleges Plaintiff has only made one payment and now owes Applicant $11,885.93 (*id.*). Applicant moves this Court to intervene before any settlement funds are disbursed.

### III. DISCUSSION

Applicant's motion to intervene obviously does not involve a common question of law or fact with Plaintiff's case against the City of Chattanooga or the individual police officer defendants. Plaintiff's case is a civil rights suit based on alleged constitutional violations arising out of Torris' arrest that resulted in Torris' death. Applicant does not point out, nor does this court find, any common question of law or fact. Further, as discussed below, Applicant's motion is untimely. Thus, permissive intervention is impermissible.

Applicant's motion comes seventeen months after final judgment was entered in this case and almost two months after this Court's judgment was affirmed on appeal. Applicant waited until it became absolutely crystal clear that settlement money would be paid and decided to ask this Court

3

to intervene so it could possibly obtain a piece of the settlement pie. Applicant's motion is clearly untimely. *See Jordan*, 207 F.3d 854, 862 (6th Cir. 2000) (finding motion untimely because applicant did not file motion until after district court issued its final judgment); *Cuyahoga v. Valley Ry. Co. v. Tracy*, 6 F.3d 389, 396 (6th Cir. 1993) (finding intervention motion untimely when filed four months after district court entered summary judgment). Although the Applicant does not state when it became aware of the § 1983 suit, it is clear Plaintiff should have known of any interest it had in the suit much earlier. Further, Applicant is free to bring a breach of contract suit against Plaintiff in state court and Applicant does not allege any prejudice if it is not allowed to intervene. Allowing intervention in this case would just add new issues to be litigated thereby unduly delaying the case.

Since Applicant's motion to intervene is untimely, this Court finds it unnecessary to address the other three requirements for intervention as of right.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court will **DENY** Applicant's Motion for Intervention (Court File No. 133).

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although the Court will not address the other three requirements for intervention, the Court notes it is very unlikely Applicant has a substantial legal interest in the underlying suit or an impairment in protecting its interest absent intervention.

4