UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

TONYA HARRIS, as administratrix of )
the estate of TORRIS HARRIS, )
)
    *Plaintiff*, )
)
v. ) 1:02-CV-385
)
CITY OF CHATTANOOGA, )
JUSTIN MCCOMMON, MARTIN PENNY, ) Collier/Lee
CHRIS SMITH, DAVID ALLEN, )
MARK SMELTZER, CHARLES KINSEY, )
and CHRISTOPHER GAYNOR, )
)
    *Defendants*.

## REPORT AND RECOMMENDATION

### I.  Introduction

Currently pending before the Court is the motion to allow disbursement of funds to Robin

Ruben Flores ("Flores"), the former attorney for plaintiff Tonya Harris ("Harris"), pursuant to 28

U.S.C. §§ 2041 and 2042 and Fed. R. Civ. P. 67 [Doc. No. 128].  The motion has been referred to the

undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  For the

reasons which follow it is recommended the motion to allow disbursement of funds to Flores be

**GRANTED**.

### II.  Relevant Facts

This action arises from an incident on December 26, 2001, involving Torris Harris and the

individual defendants, all of whom were police officers for the City of Chattanooga on that date.

On December 26, 2002, Flores filed this action on behalf of Harris, Torris Harris' mother, asserting

claims of various constitutional violations pursuant to 42 U.S.C. § 1983 [Doc. No. 1].

In January 2004, the defendants filed motions to enforce a settlement agreement which they alleged had been reached between themselves and Harris [Doc. Nos. 68, 72, 75, 80, 83]. The defendants' motions to enforce the settlement agreement were referred to United States Magistrate Judge William B. Mitchell Carter for a report and recommendation [Doc. No. 82]. After an evidentiary hearing on February 4, 2004, Magistrate Judge Carter recommended the defendants' motions to enforce a settlement agreement in the amount of $28,500 be granted [Doc. No. 89]. On March 3, 2004, the Court adopted Magistrate Judge Carter's report and recommendation and ordered that the case be terminated [Doc. No. 90].

On March 14, 2004, Flores filed a motion to declare an attorney's lien pursuant to Tenn. Code Ann. § 23-2-102 [Doc. No. 91] and a motion to withdraw as counsel for Harris [Doc. No. 92]. On April 2, 2004, Harris filed an appeal to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") from the decision of the District Court to enforce a settlement agreement between the defendants and herself [Doc. No. 95]. In an order dated April 8, 2004, Magistrate Judge Carter granted Flores' motion to withdraw as counsel for Harris [Doc. No. 98]. Thereafter, in an Order entered on May 14, 2004, the District Court granted Flores' motion to declare an attorney's lien on the proceeds of the settlement with defendants and granted the defendants' motion to deposit the funds due under the settlement agreement with the Clerk of the Court [Doc. No. 107]. On June 2, 2004, the defendants deposited $28,500.00 with the Clerk of the Court [Doc. No. 110] and Flores filed a motion to enforce the attorney's lien which had been earlier granted by the District Court [Doc. No. 111].

Flores' motion to enforce his attorney's lien was referred to Magistrate Judge Carter for a report and recommendation [Doc. No. 113], and an evidentiary hearing on Flores' motion was held

on August 10, 2004 [Doc. No. 115]. Subsequent to the evidentiary hearing, defendants Martin Penny ("Penny"), the City of Chattanooga ("the City"), and Charles R. Kinsey ("Kinsey") moved for a stay of payment of Flores' attorney's lien under Fed. R. Civ. P. 62(d) pending the resolution of Harris' appeal [Doc. Nos. 116, 117].

On August 27, 2004, Magistrate Judge Carter recommended Flores' motion to enforce his attorney's lien be granted in the amount of $11,818.30 and the motion of the City, Penny, and Kinsey to stay execution of the judgment in favor of Flores' attorney lien pending resolution of Harris' appeal be granted [Doc. No. 119]. On September 20, 2004, the District Court adopted Magistrate Judge Carter's report and recommendation [Doc. No. 120]. Specifically, the District Court: (1) granted Flores' motion to enforce his attorney's lien and entered a judgment in favor of Flores against Harris in the amount of $11,818.30; (2) granted the City's, Penny's, and Kinsey's motions to stay execution of Flores' judgment against Harris; and (3) stayed execution of Flores' judgment against Harris "pursuant to Rule 62(d) pending resolution of Ms. Harris' appeal in this matter." [Doc. No. 120].

On June 20, 2005, Flores filed the motion to allow disbursement of funds [Doc. No. 128] on the ground that "on June 15, 2005, the Sixth Circuit Court of Appeals (Docket No. 04-5421) affirmed this Court's ruling to enforce settlement agreement." *Id.* at ¶ 1. He requested an order requiring the Clerk of Court to disburse the $11,818.30 plus applicable interest accumulated, minus any statutory fees [Doc. No. 129]. Harris filed an objection to Flores' motion to allow disbursement of funds in which she stated:

> Plaintiff asks that such disbursement not occur until after [her] deadline to request an en banc hearing to the Sixth Circuit Court of Appeals has passed (June 29) as [she] has not yet determined whether or not she will seek an en banc rehearing. Should the Plaintiff seek

3

an en banc hearing, the matter must remain stayed.  Should Plaintiff decline to seek further review in this matter, then disbursement would be appropriate.

[Doc. No. 131].  Flores filed a reply to Harris' objections asserting Harris does not have standing to object to the motion for disbursement of funds because: (1) she did not oppose his motion for an attorney's lien; and (2) the funds were paid into the Court by the defendants, not by Harris [Doc. No. 132].  Flores also filed a motion requesting a hearing before the magistrate judge on the motion for disbursement of funds "[f]rom an abundance of caution."  *Id.*[1]

In *Harris v. City of Chattanooga*, 137 Fed. Appx. 788 (6th Cir. June 15, 2005), the Sixth Circuit affirmed the District Court's decision granting the defendants' motions to enforce the settlement agreement.  The Sixth Circuit's public docket sheet for *Harris*, Sixth Circuit Case No. 04-5421, shows that on June 28, 2005, Harris filed a petition for a rehearing *en banc* of the panel's decision affirming the decision of the District Court.  An order denying the petition for a rehearing *en banc* was issued by the Sixth Circuit on September 29, 2005.  On October 12, 2005, the Sixth Circuit issued its mandate in *Harris* [Doc. No. 139].  Thus, pursuant to the terms of Harris' objection [Doc. No. 131], . . . "disbursement would be appropriate."[2]

---

[1]  By separate order, Flores' request for a hearing has been denied.

[2]  Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, paragraph 1, Harris has ninety days from the entry of the Sixth Circuit's judgment to file a petition for a writ of *certiorari* in the Supreme Court.  Pursuant to paragraph 3 of Rule 13, this ninety day period commenced on September 29, 2005, the date of the Sixth Circuit's order denying her petition for *en banc* review.  In her objection to Flores' motion for a disbursement, Harris mentioned only the possibility of filing a petition for *en banc* review with the Sixth Circuit, she did not discuss the possibility of filing a petition for a writ of *certiorari* in the Supreme Court.  Pursuant to Fed. R. App. P. 41(d)(2), Harris could have petitioned the Sixth Circuit to stay its mandate for up to ninety (90) days pending the filing of a petition for a writ of *certiorari* in the Supreme Court, but she did not do so and the mandate of the Sixth Circuit has now issued.

Accordingly, I conclude disbursement of the $11,818.30 to Flores is now appropriate.

### III. Conclusion

For the reasons stated herein, it is **RECOMMENDED** Flores' motion to allow disbursement

of funds [Doc. No. 128] be **GRANTED** and the Clerk of the Court be authorized and directed to

release to Flores the funds in deposit in the registry of the Court in the principle amount of eleven

thousand eight hundred and eighteen dollars and thirty cents ($11,818.30), plus accrued interest,

minus any statutory fees.[3]

s/_Susan K. Lee_
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within ten
(10) days after service of a copy of this recommended disposition on the objecting party. Such
objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.
Failure to file objections within the time specified waives the right to appeal the District Court's
order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo*
review where objections to this report and recommendation are frivolous, conclusive and general.
*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for
appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).